UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRENTON WEBB,
ADC #155409                                                                             PLAINTIFF

V.                              5:16CV00116 KGB/JTR

JAME LAMB,
Varner Unit, ADC, et al.                                                            DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Trenton Webb, is a prisoner in the Varner Unit of the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Pursuant to the screening function

mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

In early 2016, Plaintiff was removed from the Substance Abuse Treatment Program ("SATP") at the Varner Unit. *Doc. 2*. Thereafter, Plaintiff repeatedly asked Defendant SATP Unit Coordinator Jame Lamb and Defendant Mrs. Butnik for re-entry into the SATP. *Id.* In March of 2016, Defendant Lamb allegedly sent Plaintiff a letter warning him that disciplinary action would be taken if he did not immediately cease "coming by" the SATP office, approaching him or Defendant Butnik in the hall, or otherwise making "in person" requests for re-entry into the SATP. *Id.* at 6. Additionally, Plaintiff contends that Defendant Mr. Budnik,[2] who is the Assistant Warden, failed to re-admit him into the SATP at the Varner Unit or to transfer him to another ADC Unit so that he can complete that program. *Id.*

**A.   Due Process Claim**

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Mr. and Mrs. Butnik appear to be married. It is unclear how Mrs. Butnik is involved with the SATP or her position and job title at the Varner Unit.

Plaintiff alleges that Defendants violated his due process rights by denying him re-entry into the SATP, which he must complete to become eligible for parole. It, however, is well settled that prisoners do not have a due process right to be released on parole or to participation in discretionary drug treatment programs that may affect their eligibility for parole. *See Persechini v. Callaway,* 651 F.3d 802, 807–08 (8th Cir.2011); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir.1996). Prisoners also do not have a due process right to be housed in a unit of their choosing. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, Plaintiff has failed to plead a viable due process claim against any of the Defendants.

**B.    Free Speech Claim**

Plaintiff alleges that Defendant Lamb violated his right to free speech by "threatening" to take disciplinary action if Plaintiff continued to speak to him or Defendant Mrs. Budnik, in person, about re-entry into the SATP.

Plaintiff, however, does *not* allege that Defendant Lamb actually issued a disciplinary charge against him or otherwise carried out his threat of punishment. Thus, Plaintiff's freedom of speech claim is anticipatory and did not result in any injury to him. *See Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Trobaugh v. Hawk*, Case No. 00-3916, 2001 WL 1104526 (8th Cir. Sept. 21, 2001)

-3-

(unpublished opinion) (holding that a prisoner's civil rights claim regarding anticipated conduct was not ripe for judicial review).

Finally, Plaintiff alleges that Defendant Lamb warned him against making *repeated and improper* requests for re-entry into the SATP. The First Amendment does not grant prisoners the right to engage in harassing or abusive conduct. *See Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998) (finding no freedom of speech violation when prison officials punished an inmate for using abusive language in his grievances); *Aziz v. Schriro,* Case No. 01-1658, 2001 WL 605015 (8th Cir. June 5, 2001) (unpublished opinion) (same). Additionally, Plaintiff does *not* allege that Defendant Lamb prohibited him from *properly* seeking re-entry into the SATP by completing the necessary *written* forms. *See Murchison v. Rogers,* 779 F.3d 882, 891 (8th Cir. 2015) (finding no constitutional violation where a prisoner had alternative means for exercising his First Amendment rights). Instead, he only contends that Defendant Lamb warned him against continuing to engage in improper and harassing conduct.

Thus, Plaintiff has failed to plead a viable freedom of speech claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.	Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 22nd day of April, 2016.

*[signature: J. Thomas Ray]*
UNITED STATES MAGISTRATE JUDGE